UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN J. SANTOS, JR.,

        Plaintiff,

vs.                                                    Case No.  3:14-cv-383-J-34JBT

TASTE 1 GROUP, LLC, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Final

Default Judgment ("Motion") (Doc. 44).   For the reasons set forth herein, the

undersigned respectfully recommends that the Motion be **GRANTED**, that final

judgment be entered in favor of Plaintiff and against Defendants, jointly and

severally, in the total amount of $17,499.54, and that Plaintiff have 30 days from

entry of the Court's order on this Report and Recommendation to file a motion for

attorneys' fees and costs.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1;  Local Rule 6.02.

## I.    Background

Plaintiff brought the instant action pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq., against Taste 1 Group, LLC ("Taste"), its owner Chris Dallo ("Dallo"), and Randy Salazar ("Salazar"), alleging the following claims: "Minimum Wage Violation Under FLSA (Against Defendants Taste and Dallo)" ("Count I"), "Recovery of Overtime Compensation (Against Defendants Taste and Dallo)" ("Count II"), and "Breach of Contract (Against all Defendants)" ("Count IV").[2]  (Doc. 1 at 7–11.)

Count IV, containing the only claim against Salazar, was voluntarily dismissed without prejudice.  (Docs. 46 & 47.)  Default has been entered against Taste (Doc. 43) and Dallo (Doc. 11).  Plaintiff now seeks a default judgment against both remaining Defendants on Counts I and II.  (Doc. 44.)

## II.    Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk.  *See* Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who has been

---

[2] There is no Count III in the Complaint (Doc. 1).

defaulted for not appearing and who is neither a minor nor an incompetent person."
Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who
never appears or answers a complaint, for in such circumstances the case never has
been placed at issue."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803
F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default,
but before entering a default judgment, the court must ensure that it has jurisdiction
over the claims and that the complaint adequately states a claim for which relief may
be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200,
1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel
Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot
stand on a complaint that fails to state a claim.") (citations omitted).  A sufficient
basis must exist in the pleadings for the judgment entered.  *See Nishimatsu Constr.
Co.*, 515 F.2d at 1206.  A defendant "is not held to admit facts that are not
well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*,
572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by
the pleadings of the prevailing party, or claims which are not well-pleaded, are not
binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement
of the grounds upon which the court's jurisdiction depends, (2) a short and plain
statement of the claim showing that the pleader is entitled to relief, and (3) a demand

for judgment for relief.   *See* Fed. R. Civ. P. 8(a).   A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides factual allegations, that are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555.  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 664, 678.  Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Finally, when a plaintiff seeks the entry of a default judgment against an individual defendant, the plaintiff must comply with Section 521 of the Servicemembers Civil Relief Act ("SCRA"), which requires, *inter alia*, the filing of an affidavit by the plaintiff:

> (A) stating whether or not the defendant is in military

4

> service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. App'x § 521(b)(1).

### III.   Analysis

Upon review of the Complaint, the Motion, and other relevant filings, the undersigned recommends that default judgment be entered against both Defendants on Counts I and II. The Court has federal question jurisdiction over these counts pursuant to 28 U.S.C. § 1331. Additionally, Plaintiff has established that Taste and Dallo were properly served, and defaults have been entered against them.[3] (Docs. 11 & 43.) Further, as discussed below, each count adequately states a claim for which relief may be granted. The undersigned will address Counts I and II collectively.

To prevail on a claim for payment of unpaid minimum wages or unpaid overtime wages under the FLSA, plaintiff must establish the following:

> First:   Plaintiff was an employee of Defendant and was engaged in commerce or in the production of goods for commerce [or] employed by an enterprise engaged in commerce or in the production of goods for

---

[3] Additionally, the affidavit submitted by Plaintiff from the process server stating that Dallo is not in the military based upon inquiry of Dallo complies with the SCRA. (Doc. 7 at 1.)

commerce; and

Second:      Defendant failed to pay Plaintiff the minimum
             wage [and/or] overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instruction (Civil Cases) 4.14 (2013).

## A.   Plaintiff Sufficiently Alleges Employment Against Both Defendants

The Complaint sufficiently alleges that Plaintiff was employed by Defendants during the relevant time period.  Under the FLSA, an "employee" is "any individual employed by an employer."  29 U.S.C. § 203(e)(1).  An "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and the term "employ" "includes to suffer or permit to work," 29 U.S.C. § 203(g).  The Complaint contains the following allegations regarding the employer-employee relationship between Plaintiff and Defendants:

> 6.    At all times relevant to this action, DALLO was an individual resident of the State of Florida, and an owner of TASTE, regularly exercised the authority to: (a) hire and fire employees of TASTE; (b) determine the work schedules for the employees of TASTE; and (c) control the finances and operations of TASTE.
>
> . . .
>
> 9.    At all times material hereto, Plaintiff was an "employee" of Defendants, TASTE and DALLO within the meaning of FLSA.
>
> 10.   At all times material hereto, Defendants TASTE and DALLO were "employers" within the meaning of FLSA.
>
> . . .

6

18.    On or about December 3, 2012, Defendants,
       TASTE and DALLO, hired Plaintiff to work as a non-
       exempt salary paid "Assistant General Manager."
       Plaintiff worked in this position through April 7,
       2013.

19.    Defendant DALLO promised Plaintiff that his salary
       would be $50,000.00 annually, or $961.53 per
       workweek working for TASTE.

. . .

21.    Plaintiff's duties included overseeing both the front
       and the back of the restaurant, ordering supplies
       from within Florida and out of state, [and] marketing
       and planning special events.

22.    Between December 3, 2012 and April 7, 2013, in
       one or more workweeks, Plaintiff worked for
       Defendants TASTE and DALLO in excess of forty
       (40) hours within a workweek.

(Doc. 1 at 2–4.)[4]

The undersigned recommends that these allegations are sufficient to establish

that an employer-employee relationship existed between Plaintiff and both

Defendants.   As to Dallo specifically, "[w]hile there is no requirement that an

individual must be a corporate officer in order to be an employer under the FLSA, to

be individually liable, an officer must either be involved in the day-to-day operation

---

[4] Plaintiff's alleged title of "Assistant General Manager," by itself, does not render
him an exempt employee under the FLSA.  First, this conclusory label is not determinative
of Plaintiff's status under the FLSA.  Moreover, "[u]nder Rule 8(c) of the Federal Rules of
Civil Procedure, a claim of exemption is an affirmative defense that must be specifically
pled or it will be deemed waived."   *Sejour v. Steven Davis Farms, LLC*, 28 F. Supp. 3d
1216, 1224 (N.D. Fla. 2014).  Therefore, the undersigned recommends that Defendants
have waived any challenge to Plaintiff's status as a non-exempt employee under the FLSA.

or have some direct responsibility for the supervision of the employee." *Hernandez v. Anderson*, Case No. 5:14-cv-577-Oc-39PRL, 2015 WL 3514483, at *4 (M.D. Fla. June 4, 2015) (citation and quotations omitted).  The undersigned recommends that the above allegations regarding Dallo are sufficient to establish that Dallo was involved in the day-to-day operation of Taste and had some direct responsibility for the supervision of its employees.  Therefore, Dallo and Taste are jointly and severally liable for Plaintiff's damages as his employers.

## B.   Plaintiff Sufficiently Alleges Individual Coverage Under the FLSA

With respect to coverage under the FLSA, plaintiff must establish either (1) "individual coverage," meaning that the employee was "engaged in commerce or in the production of goods for commerce," or (2) "enterprise coverage," meaning that the employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce."   29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).  The undersigned recommends that Plaintiff has sufficiently alleged individual coverage.

The Complaint contains the following allegations relating to individual coverage:

8.   At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

. . .

16.   At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the

FLSA in that:

a.   He regularly ordered restaurant equipment and uniforms from out of state;

b.   Ran credit cards, and/or

c.   Performed work essential to any of the preceding activities.

(Doc. 1 at 2–3.)   Thus, Plaintiff does not allege that he was "engaged in the production of goods for commerce," and the only issue, for purposes of individual coverage, is whether plaintiff has sufficiently alleged that he was "engaged in commerce."   *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1); *Thorne*, 448 F.3d at 1265–66.

As explained by the Eleventh Circuit:

for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266 (citations omitted).

The undersigned recommends that Plaintiff's allegation regarding regular interstate orders of equipment and uniforms in paragraph 16(a) is sufficient to meet the standard requiring regular and recurrent use of the instrumentalities of interstate commerce because Plaintiff necessarily used mail, telephone, internet, or some other instrumentality of interstate commerce in placing the orders.   Thus, the

9

undersigned recommends that the Court need not address the sufficiency of Plaintiff's allegations regarding enterprise coverage.

### C.   Plaintiff Sufficiently Alleges That Defendants Failed to Pay Him Minimum and Overtime Wages

The undersigned also recommends that Plaintiff adequately alleges that Defendants failed to pay him minimum and overtime wages as required by the FLSA. Specifically, the Complaint alleges the following regarding minimum wages:

> 47.   Defendants TASTE and DALLO failed to pay Plaintiff minimum wage for each hour he worked for Defendant TASTE and DALLO from December 2, 2013 [sic] through April 7, 2013.

> 48.   Specifically, Plaintiff was not paid at all for one or more workweeks between December 3, 2013 [sic] and April 7, 2013.

> 49.   Plaintiff has, both during and after his employment, demanded proper compensation for one or more weeks of work with Defendants TASTE and DALLO, but Defendants TASTE and DALLO have refused and/or failed to compensate him for same.  As a result of Defendants TASTE'S and DALLO'S actions in this regard, Plaintiff has not been paid at least the minimum wage for each hour worked during one or more weeks of employment with Defendants TASTE and DALLO.
>
> . . .

> 52.   In fact, in more than ten (10) weeks of his employment, Defendants TASTE and DALLO failed to pay Plaintiff at all.

(Doc. 1 at 8.)

Additionally, the Complaint alleges the following regarding overtime wages:

57.     From at least December 3, 2012 and continuing through April 7, 2013, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times the required minimum wage overtime rate.

58.     Defendants TASTE and DALLO paid Plaintiff nothing at all for his overtime work in weeks in which they failed to pay his salary.

(*Id.* at 9.)  The undersigned recommends that these allegations are sufficient to establish that Defendants failed to pay the minimum wage and overtime pay required by law.

### D.    Damages

"[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation."  *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam).  *See also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  The undersigned recommends that an evidentiary hearing on the issue of damages is not necessary in this case because the record contains sufficient information to mathematically calculate the amount of damages.

It is an employee's burden to prove, "with definite and certain evidence, that he performed work for which he was not properly compensated."  *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–34 (1988). "Inaccurate wage and hour information, however, is not always fatal to a claim for

minimum wage or overtime compensation," and if "the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a 'sufficient basis' for damages."  *Id.*

> In such a situation . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.   If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* at 1352.

Plaintiff alleges that "[a]t all times material hereto, Defendants TASTE and DALLO failed and continue to fail to maintain proper time records as mandated by the FLSA."  (Doc. 1 at 9.)  Moreover, Defendants have presented no time records showing the number of hours worked by Plaintiff because they have defaulted.  (Docs. 11 & 43.)  Therefore, the undersigned recommends that Plaintiff's affidavit regarding the number of hours worked is "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Id.*

Plaintiff's affidavit provides the following information regarding his compensation:

> 9.     I worked seventy hours per week from December 3, 2012 to April 7, 2013.  At the federal minimum wage ($7.25 per hour) for regular hours and the lowest

lawful overtime wage for overtime hours ($11.51 per hour in December 2012) ($11.69 per hour from January 1, 2013 to April 7, 2013), I should have earned $635.30 per week in December 2012, and $640.70 per week from January 1, 2013 to April 7, 2013.[5]

10.   For the month of December 2012, I should have been paid $2,541.20 ($635.30 x 4 weeks).

11.   For the period from January 1, 2013, to April 7, 2013, I should have been paid $8,969.98 ($640.70 x 14 weeks).[6]

12.   The total amount I should have been paid from December 2012 through April 7, 2013 is $11,511.18.[7]

13.   In fact, I was only paid a total of $3,761.23 for all of my work.

14.   This $3,761.23 paid is further reduced by business expenses the Company forced me to incur, and for which I was not reimbursed, totaling $1,000.00. These expenses took me even further below minimum wage.[8]

---

[5] Apparently, Plaintiff used the federal minimum wage of $7.25 per hour for the first 40 hours per week, but Florida's minimum wage of $7.67 and $7.79 per hour to calculate time and one-half overtime hourly wages of $11.51 and $11.69 per hour. "[W]hen a state law provides for a higher minimum wage than that set forth in the FLSA, the state provision controls." *Fernandez v. Belly, Inc.*, Case No. 6:05-cv-1074-Orl-31KRS, 2006 WL 5159188, at *3 (M.D. Fla. May 23, 2006).  However, Plaintiff failed in part to request damages based on Florida's higher minimum wages.  Therefore, the undersigned recommends that default judgment be entered based only on the amounts requested by Plaintiff.

[6] This actually totals $8,969.80.

[7] This actually totals $11,511.00.

[8] Expenses are due to be reimbursed to the employee if the expense is "primarily for the benefit of the employer."  *See Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1237

(continued...)

15.     As such, my compensation during my entire period of employment was only $2,761.23.

16.     Thus, I am owed a total of approximately $8,749.95 in unpaid wages, plus and equal amount in liquidated damages for a total of $17,499.99.[9]

(Doc. 44-1 at 2–3.)   Based on this affidavit, the undersigned recommends that Plaintiff be awarded $8,749.77 for unpaid minimum and overtime wages.

The undersigned further recommends that Plaintiff be awarded liquidated damages in an equal amount of $8,749.77.  Under the FLSA, "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216."  29 U.S.C. § 260.  "Even if the district court determines that the employer's actions were taken in good faith and based on reasonable grounds, the district court still retains the discretion to award liquidated damages."  *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999).

In the present case, there appears to be no basis not to award liquidated

---

[8](...continued)
(11th Cir. 2002).  Plaintiff alleges that "despite promising to reimburse Plaintiff for expenses that he paid to purchase materials for the company, which totaled approximately $1,300.00, Defendants have not reimbursed Plaintiff for over $1,000.00 of such expenses." (Doc. 1 at 7.)  Thus, these unreimbursed expenses are appropriately included in Plaintiff's calculations.

[9] These totals are actually $8,749.77 and $17,499.54.

damages.  Defendants have made no showing of good faith or reasonable grounds. Moreover, the Complaint alleges that Defendants had "specific knowledge that they failed to pay Plaintiff at least the minimum wage," and that they "willfully failed to pay Plaintiff the applicable minimum wage." (Doc. 1 at 8.)  Further, Plaintiff alleges that Defendants' actions "were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week[ ] when they knew, or should have known, such was, and is due." (*Id.* at 9.)  Therefore, the undersigned recommends that an award of liquidated damages in an amount equal to the amount of compensatory damages is appropriate.  Accordingly, the undersigned recommends that Plaintiff be awarded a total of $17,499.54 for unpaid wages and liquidated damages.

### E.    Attorneys' Fees and Costs

In the Motion, Plaintiff requests an unspecified extension of time in which to file a motion for reasonable attorneys' fees and costs. (Doc. 44 at 7.)   The undersigned recommends that 30 days from entry of the Court's order on this Report and Recommendation is sufficient.

### IV.    Conclusion

Based on the foregoing, the undersigned recommends that Plaintiff be awarded damages for unpaid minimum and overtime wages in the amount of $8,749.77, and liquidated damages in an equal amount, totaling $17,499.54.

Additionally, the undersigned recommends that Plaintiff have 30 days from entry of the Court's order on this Report and Recommendation to file a motion for attorneys' fees and costs.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 44**) be **GRANTED**.

2.      The Clerk of Court be directed to enter judgment in favor of Plaintiff Kevin J. Santos, Jr., c/o Morgan & Morgan, P.A., 600 North Pine Island Road, Suite 400, Plantation, Florida 33324, and against Defendants Taste 1 Group, LLC and Chris Dallo, 9726 Touchton Road, Suite 105, Jacksonville, FL 32246, jointly and severally, in the total amount of $17,499.54, representing $8,749.77 in compensatory damages and $8,749.77 in liquidated damages, plus costs pursuant to 28 U.S.C. § 1920.  Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

3.      Plaintiff have 30 days from entry of the Court's order on this Report and Recommendation to file a motion for attorneys' fees and costs.

4.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 17, 2015.

JOEL B. TOOMEY
United States Magistrate Judge

16

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Taste 1 Group, LLC
c/o Its Registered Agent
Chris Dallo, Managing Member
9726 Touchton Road, Ste. 105
Jacksonville, FL 32246

Chris Dallo
9726 Touchton Road, Ste. 105
Jacksonville, FL 32246