UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN J. SANTOS, JR.,

      Plaintiff,

vs.                                  Case No.  3:14-cv-383-J-34JBT

TASTE 1 GROUP, LLC, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Judgment of

Garnishment ("Motion") (Doc. 65). For the reasons set forth herein, the undersigned

respectfully **RECOMMENDS** that the Motion be **GRANTED**, and that a final

judgment of garnishment be entered in favor of Plaintiff and against Garnishee

Vystar Credit Union in the total amount of $2,126.00.

### I.      Legal Standard

Federal Rule of Civil Procedure 69(a)(1) states in relevant part: "The

procedure on execution [of a money judgment] . . . must accord with the procedure

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

of the state where the court is located . . . ."  Chapter 77, Florida Statutes, governs

garnishment proceedings in relevant part as follows:

> Section 77.06, Florida Statutes, provides that service of a writ shall make a garnishee liable for all debts due by him or her to a defendant, and for any tangible or intangible personal property of the defendant in the garnishee's possession or control at the time of service of the writ or at any time between service and the time of the garnishee's answer. § 77.06(1), Fla. Stat.
>
> Once a plaintiff serves a writ of garnishment on a garnishee, the plaintiff shall file a certificate of service certifying that it mailed to the defendant [within 3 business days after the writ was served on the garnishee] a copy of the writ of garnishment[,] a copy of the motion for writ of garnishment [and, if the defendant is an individual, the "Notice to Defendant" in § 77.041(1) informing defendant of possible exemptions].  § 77.041(2), Fla. Stat.
>
> Within five days after service of the garnishee's answer, the plaintiff is required to serve the defendant via mail a copy of the answer and a notice advising the defendant that he or she must move to dissolve the writ of garnishment within 20 days if any allegation in the plaintiff's motion for writ of garnishment is untrue. § 77.055, Fla. Stat.  A plaintiff who is not satisfied with a garnishee's answer shall serve a reply within 20 days denying the allegations of the answer and, if the plaintiff fails to file a reply, the answer shall be taken as true. § 77.061, Fla. Stat.
>
> Section 77.083 provides, "Judgment against the garnishee on the garnishee's answer . . . shall be entered for the amount of his or her liability as disclosed by the answer . . . ." § 77.083, Fla. Stat.  "No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee." *Id.*

*Engel v. Health Sciences Grp., Inc.*, Case No. 6:09-mc-67-Orl-28KRS, 2009 WL 3535499, at *2 (M.D. Fla. Oct. 28, 2009) (some citations omitted).[2]

## II.     Analysis

Plaintiff previously obtained a judgment against Defendants Taste 1 Group, LLC and Chris Dallo, jointly and severally, in the total amount of $17,499.54.  (Doc. 50.)  A Writ of Garnishment ("Writ") was subsequently issued to Garnishee Vystar Credit Union to determine whether Garnishee was indebted to Mr. Dallo.  (Doc. 58.)  The Writ was served on Garnishee on July 27, 2017.  (Doc. 64.)  The same day, Plaintiff timely served Mr. Dallo, by mail at his last known address, with copies of the Writ, the motion requesting the Writ, and the "Notice to Defendant," in compliance with section 77.041, Florida Statutes.  (Doc. 59.)

Garnishee filed an Answer to the Writ on July 28, 2017, which stated that it was in possession of $2,126.90 of Mr. Dallo's attachable funds.  (Doc. 60.)  On July 31, 2017, Plaintiff timely served Mr. Dallo, by mail at his address currently on file with Garnishee, with a copy of Garnishee's Answer and a notice advising Plaintiff that he must move to dissolve the Writ within 20 days, in compliance with section 77.055, Florida Statutes.[3]  (Doc. 61.)  Plaintiff then filed the instant Motion.

---

[2] Although *Engel* cites the 2009 version of the relevant statutes, these statutes have not since been substantively amended.

[3] Section 77.055, Florida Statutes, requires that the documents be mailed to Mr. Dallo's "last known address," as well as the address disclosed by Garnishee.  However, Mr. Dalo's "last known address" was the address for his business, Taste 1 Group, LLC,
(continued...)

Plaintiff has not filed a reply to Garnishee's Answer. Therefore, the allegation in the Answer that Garnishee possesses $2,126.90 of Mr. Dallo's attachable funds is taken as true. Fla. Stat. § 77.061. The Motion states that "Defendant has taken no action to pay the judgments entered against him." (Doc. 65 at 3.) Thus, Defendant requests entry of a final judgment of garnishment against Garnishee in the amount of $2,126.00. (*Id.*) Mr. Dallo has not filed a claim for exemption, a motion to dissolve the Writ, or a response to the instant Motion. Nor has he taken any other action in these garnishment proceedings despite being properly served. Therefore, the undersigned recommends that a final judgment of garnishment be entered in favor of Plaintiff and against Garnishee in the amount of $2,126.00 pursuant to section 77.083, Florida Statutes.[4]

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 65**) be **GRANTED**.

2.      The Clerk of Court be directed to enter a final judgment of garnishment in favor of Plaintiff Kevin J. Santos, Jr., c/o Bullard Law, 545 Delaney Avenue, Building 1, Orlando, Florida 32801, and against Garnishee Vystar Credit Union, 214

---

[3](...continued)
which was administratively dissolved in 2016 according to Florida's Division of Corporations. Therefore, the undersigned recommends that service of the documents by mail to Mr. Dallo's residential address currently on file with Garnishee was sufficient.

[4] Although section 77.083 contemplates entry of judgment "for the amount of [Garnishee's] liability as disclosed by the answer," the undersigned recommends that judgment be entered in the amount requested, which is 90 cents less than the amount disclosed by Garnishee's Answer.

4

N. Hogan Street, Jacksonville, FL 32202, in the total amount of $2,126.00.

**DONE AND ENTERED** at Jacksonville, Florida, on September 25, 2017.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Chris Dallo at:

181 River Oaks Drive
Fernandina, Florida 32034

and

9726 Touchton Road, Ste. 105
Jacksonville, Florida 32246